# IN THE COURT OF APPEALS OF IOWA

No. 16-0413
Filed April 27, 2016

**IN THE INTEREST OF R.K.,**
**Minor child,**

**J.G., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K.

Anderson, District Associate Judge.


The mother appeals the termination of her parental rights to her child, R.K.

**AFFIRMED.**


Scott D. Strait, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Diane M. Stahle, Assistant

Attorney General, for appellee State.

Sara Benson, Council Bluffs, for minor child.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the termination of her parental rights to her child, R.K. She argues the district court improperly concluded her rights should be terminated pursuant to Iowa Code section 232.116(1)(e), (h), (i), and (*l*) (2015), and that she the State did not offer reasonable efforts to reunify her and R.K. She further asserts it is not in the child's best interests to terminate due to the parent-child bond. We conclude the district court properly terminated the mother's rights under paragraph (h) as, given her substance abuse issues, R.K. cannot be returned to her care, despite the reasonable efforts of the Iowa Department of Human Services; moreover, it is in the child's best interests the mother's rights are terminated. Consequently, we affirm the order of the district court.

R.K., born December 2013, came to the attention of the Iowa Department of Human Services (DHS) due to the mother's use of drugs while caring for him. He was removed on June 10, 2014, following a drug test wherein she tested positive for amphetamine, methamphetamine, and marijuana; R.K. was subsequently adjudicated in need of assistance (CINA) on July 31, 2014.

Following his removal, R.K. was placed with the maternal grandmother. The mother was granted supervised visitation as well as unsupervised weekend visitation, during which time she was able to properly care for R.K. The mother was offered a bed at Family Works, an inpatient substance abuse treatment facility, and she agreed to be admitted; however, she declined to go the day she was scheduled to report. Her therapist attempted to engage her in services, but the mother refused and did not provide the requested drug screens.

The mother was admitted to inpatient treatment at Jackson Recovery on September 11, 2014. The mother showed progress in her efforts to reach sobriety such that R.K. was returned to her care on September 26, 2014, while she was residing at Jackson Recovery. All parties agreed the two shared a bond and the mother reported she would do what was necessary to support the best interests of R.K.

The father also abuses methamphetamine and, throughout the pendency of these proceedings, declined to participate in treatment or submit to drug screenings. As of September 2014, the mother and father were engaged to be married and the mother planned on living with the father after graduating from treatment. However, as part of the mother's treatment, it was recommended they not reside together. There is also a history of domestic violence between the two.

On February 19, 2015, the mother left the inpatient facility, having become frustrated with the demands and structure of the program. She did not successfully complete treatment. She moved back in with her mother, and care and custody of R.K. reverted to the maternal grandmother pursuant to an order dated March 16, 2015. DHS informed the mother she was allowed to remain with R.K. and the maternal grandmother, provided she immediately began another substance abuse treatment program, submitted to drug screens, and attended mental health treatment. The case plan goal for R.F. remained to reunify him with the mother.

Due to the father not participating in substance abuse treatment or any other services requested by DHS, he was not permitted to go to the maternal

grandmother's home and have unsupervised contact with R.K. DHS believed he was actively using methamphetamine. He nonetheless entered the home. While there, he punched a hole in a wall. He was also verbally aggressive during visits.

The maternal grandmother also allowed the mother to have unsupervised contact with R.K.,[1] contrary to the directives of DHS. The mother reported she did not attend substance abuse treatment or mental health counseling and had relapsed on methamphetamine. The DHS worker also noted the home was dirty and in disarray. Pursuant to an order dated July 30, 2015, R.K. was removed from the home and soon placed with his paternal grandmother, where he remained as of the time of the termination hearing.

The mother and father resumed their relationship at the end of July 2015. In a family team meeting, they stated they would like to consent to their parental rights being terminated, and allow R.K. to be adopted by the paternal grandmother. In a permanency order dated September 17, 2015, the district court noted the mother had been inconsistent with attending supervised visits, she had not submitted to drug screens, and she had failed to address her mental health needs; consequently, the permanency goal was adjusted to termination of parental rights, with R.K. placed for adoption with his paternal grandmother.

In October 2015, the mother was incarcerated, and it was not clear when she would be released. As of that time, she had failed to address her substance abuse issues, homelessness, and lack of employment. Consequently, the State petitioned to terminate her parental rights, and a hearing was held on January

---

[1] The maternal grandmother spent the night in jail due to a charge of public intoxication, during which time she allowed the mother and father unsupervised contact with R.K.

14, 2016. Pursuant to an order dated February 17, 2016, the district court terminated the mother's rights under Iowa Code section 232.116(1)(e), (h), (i), and (*l*).[2] The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interests. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

To terminate parental rights pursuant to Iowa Code section 232.116(1)(h), the court must find:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

We agree with the district court R.K. cannot be returned to the mother's care at the present time within the meaning of paragraph (h). The mother has consistently failed to address her substance abuse issues, having relapsed on methamphetamine despite receiving services since June 2014. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Except for the few months in which she was placed in an inpatient substance abuse program—which she left due to her

---

[2] The court also terminated the father's rights; however, he does not appeal.

inability to comply with its restrictions—she has not consistently attempted to address her methamphetamine addiction; from these actions, it is evident she is now, and will be in the future, unable to adequately parent R.K. Additionally, she remains in a relationship with the father, who is both abusive and a substance abuser. Consequently, we conclude the State proved by clear and convincing evidence the mother is not able to care for R.K.

Nonetheless, the mother asserts it is not in R.K.'s best interests that her rights are terminated given the parent-child bond. While we agree with the mother she shares a bond with R.K., "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). The mother has been in receipt of many services since June 2014, including substance abuse treatment, mental health treatment, supervised visitation, relative placement, and family safety, risk, and permanency services. Not only do these qualify as reasonable efforts to reunite her with R.K., she has been granted ample to time to work towards reunification, which she has failed to achieve.

Moreover, in the family team meeting in July 2015, she noted she failed to address her substance abuse issues, mental health needs, and even indicated she wished to voluntarily terminate her parental rights. Furthermore, at the time of the termination hearing she was incarcerated, and it was unknown when she would be released. Thus, while there is a bond between the mother and R.K., it is not enough to render termination not in his best interests, given the mother's

clear inability to care for him.  Therefore, it is in R.K.'s best interests the mother's rights are terminated.

For these reasons, we affirm the order of the district court terminating the mother's parental rights to R.K.

**AFFIRMED.**